**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 10-4942**

─────────────

UNITED STATES OF AMERICA,

                Plaintiff – Appellee,

     v.

JOSE JAVIER REYES-MARQUEZ,

                Defendant – Appellant.

─────────────

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. James A. Beaty, Jr., Chief District Judge. (1:08-cr-00155-JAB-1)

─────────────

Submitted: March 14, 2011         Decided: April 4, 2011

─────────────

Before MOTZ, GREGORY, and KEENAN, Circuit Judges.

─────────────

Affirmed by unpublished per curiam opinion.

─────────────

Louis C. Allen III, Federal Public Defender, Mireille P. Clough, Assistant Federal Public Defender, Winston-Salem, North Carolina, for Appellant. Ripley E. Rand, United States Attorney, Lisa B. Boggs, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jose Javier Reyes-Marquez was convicted of bank robbery, in violation of 18 U.S.C. § 2113(a), (d) (2006), and use of a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1) (2006). He served his active sentence and was released to supervision in September 2007. After learning that Reyes-Marquez had been arrested by North Carolina authorities, his probation officer petitioned the district court to revoke supervised release. Reyes-Marquez admitted the violations, and the district court sentenced him to thirty-six months' imprisonment as to Count One, to run consecutively to a twenty-four-month sentence as to Count Two. This appeal followed.

Reyes-Marquez challenges the substantive reasonableness of his supervised release revocation sentences.[*] He concedes that the Guidelines instruct courts to impose such a sentence to run consecutively to any other sentence the defendant is serving, and that the district court had the authority to order the sentences here to run consecutively. However, Reyes-Marquez contends that the cumulative effect of imposing the maximum sentence on each count, consecutive to each

---

[*] Reyes-Marquez does not contest the procedural reasonableness of his sentences.

2

other and to the state and federal sentences underpinning the release violation, renders his sentence plainly unreasonable. We affirm.

We review the sentence under the plainly-unreasonable standard. See United States v. Thompson, 595 F.3d 544, 546 (4th Cir. 2010). The first step in this review requires a determination of whether the sentence is unreasonable. United States v. Crudup, 461 F.3d 433, 438 (4th Cir. 2006). "This initial inquiry takes a more 'deferential appellate posture concerning issues of fact and the exercise of discretion' than reasonableness review for [G]uidelines sentences." United States v. Moulden, 478 F.3d 652, 656 (4th Cir. 2007) (quoting Crudup, 461 F.3d at 439) (applying plainly-unreasonable standard of review for probation revocation). Only if the sentence is procedurally or substantively unreasonable does the inquiry proceed to the second step of the analysis to determine whether the sentence is plainly unreasonable. Crudup, 461 F.3d at 438-39.

A sentence imposed on revocation of supervised release is substantively reasonable if the district court stated a proper basis for concluding the defendant should receive the sentence imposed, up to the statutory maximum. Id. at 440. "A court need not be as detailed or specific when imposing a revocation sentence as it must be when imposing a

3

post-conviction sentence, but it still must provide a statement of reasons for the sentence imposed." <u>Thompson</u>, 595 F.3d at 547 (internal quotation marks omitted).

Here, the district court did not exceed the statutory maximum, <u>see</u> 18 U.S.C. §§ 924(c)(1)(A)(i), 2113(d), 3559(a), 3583(b), and we conclude that the court stated a proper basis for the sentence imposed. The district court recognized that the policy statement range under the Guidelines was fifteen to twenty-one months, but it determined that such a sentence would be insufficient "because of the Defendant's extensive history of violent conduct." Instead, the district court imposed a sentence within the statutory maximum sentence for each count, stating that, given the nature and circumstances of the case, imposing such a sentence was "necessary to meet the sentencing objectives of punishment and deterrence [and to], provide protection for the public."

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

4